HELENE N. WHITE, Circuit Judge,
concurring.
As the dissent points out, the Guidelines applicable to convictions under the Protect Act do not reflect the considered judgment of the Sentencing Commission, and in this regard differ from other Sentencing Guidelines. To be sure, the Guidelines are not binding and judges are free to depart and vary from them. But many judges are hesitant to second guess the Commission’s judgment due to the presumed experience, expertise, and breadth of information possessed by the Commission. The appropriate judicial response in situations such as this one is not for appellate courts to reduce Guidelines sentences as a matter of course, but rather, for sentencing judges to recognize that Guidelines based on the Protect Act should be carefully scrutinized. Unfortunately, as the dissent observes, Walters’ counsel did not bring to the district court’s attention, or argue on appeal, that the Commission considers the sentence recommended here to be excessive. In the context of a sentencing proceeding in a child pornography case, competent counsel should be expected to bring to the district court’s attention that the Guidelines do not, as in other contexts, reflect the presumed superior expertise and breadth of information of the Commission, and in fact are contrary to the Commission’s considered judgment. That, however, is a matter Walters must properly raise in a petition under 28 U.S.C. § 2255.